948 F.2d 1283
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Curtis BURDINE, Defendant-Appellant.
 No. 91-5330.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 1, 1991.
Decided Dec. 3, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CR-90-291)
 Argued: Leonard A. Kaplan, Assistant Federal Public Defender, Charleston, W.Va., for appellant; Phillip Blair Scott, Assistant United States Attorney, Charleston, W.Va., for appellee.
 On Brief: Michael W. Carey, United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before DONALD RUSSELL and PHILLIPS, Circuit Judges, and JANE A. RESTANI, Judge, United States Court of International Trade, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 On February 22, 1991, defendant Burdine pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Burdine to eighteen months imprisonment and a three year term of supervised release. Defendant Burdine appeals the district court's denial of his motion to depart downward from his guidelines sentencing range of fifteen to twenty-one months. We affirm.
 
 
 2
 Burdine based his motion for downward departure solely on the two criminal history points resulting from a 1986 juvenile conviction in Cabell County, West Virginia for breaking and entering. Burdine asserted that the conviction resulted from a juvenile justice system which was harsh to a degree not adequately considered by the Sentencing Commission in that the system produced an inordinately high number of juvenile convictions relative to the national norm. Thus, Burdine argued, the 1986 juvenile conviction could not properly be included in the calculation of his criminal history category.
 
 
 3
 A sentencing court is required to sentence a defendant within the prescribed guideline range "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C.A. § 3553(b) (West Supp.1991). Departure therefore entails a two-step determination: first, whether the particular aggravating or mitigating circumstance was not adequately taken into consideration by the Sentencing Commission, and second, whether such a circumstance is supported in the facts of the case under consideration. United States v. Summers, 893 F.2d 63, 66 (4th Cir.1990). In determining whether the Sentencing Commission adequately considered the circumstance, "the district court must limit its examination solely to the language of the Guidelines Manual and the reasonable inferences which may be drawn from it." Id. at 67.
 
 
 4
 The Guidelines Manual states,
 
 
 5
 Background: Prior convictions may represent convictions in the federal system, fifty state systems, the District of Columbia, territories, and foreign, tribal, and military courts. There are jurisdictional variations in offense definitions, sentencing structures, and manner of sentence pronouncement. To minimize problems with imperfect measures of past crime seriousness, criminal history categories are based on the maximum term imposed in previous sentences rather than on other measures, whether the conviction was designated a felony or a misdemeanor.
 
 
 6
 United States Sentencing Commission, Guidelines Manual, § 4A1.1 (Nov. 1990). The district court correctly inferred from § 4A1.1 that the Sentencing Commission adequately considered the circumstance which Burdine argues warrants downward departure from his guidelines range. Because Burdine failed to make the first showing required for departure under Summers, 893 F.2d at 66, the decision of the district court is hereby
 
 
 7
 AFFIRMED.